# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| James Burgy<br>6288 Crawford Marrow County Rd.<br>Galion, Ohio 44833, | * <br> * <br> * | Case No. 3:20-cv-2096<br><br>Judge |
| Plaintiff, | * | |
| | | Magistrate Judge |
| v. | * | |
| Senator International, Inc. d/b/a<br>Allermuir<br>1656 Henthorne Dr., Suite 300<br>Maumee, Ohio 43537, | * <br><br> * <br><br> * | **COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |
| & | * | |
| Jay Stec, individually,<br>c/o Senator International, Inc.<br>1656 Henthorne Dr., Suite 300<br>Maumee, Ohio 43537, | * <br><br> * | |
| & | * | |
| Jenelle Lange, individually,<br>c/o Senator International, Inc.<br>1656 Henthorne Dr., Suite 300<br>Maumee, Ohio 43537, | * <br><br> * <br><br> * | |
| Defendants. | * | |

Now comes Plaintiff James Burgy ("Plaintiff" or "Mr. Burgy"), through undersigned counsel, for his complaint against Senator International, Inc. d/b/a Allermuir ("Senator International" unless otherwise indicated) and decision-makers Jay Stec ("Stec") and Jenelle Lange ("Lange"), in their individual capacity, (collectively hereinafter "Defendants") and alleges as follows:

## I.     INTRODUCTION

1. This is an action to remedy violations of the Families First Coronavirus Response Act, Public Law 116-127 ("FFCRA"), with respect to Defendants' termination of Mr. Burgy in retaliation for engaging in protected activity.

2. To provide context, in response to the COVID-19 pandemic, on April 1, 2020, the Secretary of Labor promulgated temporary regulations to implement emergency medical leave under Title I of the FMLA and emergency paid sick leave to assist working families facing public health emergencies arising out of Coronavirus Disease 2019 ("COVID-19" or "Coronavirus") global pandemic. The paid sick leave was created by a time-limited statutory authority established under the FFCRA, of which contains two subsets: (1) the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the (2) Emergency Paid Sick Leave Act ("EPSLA"), for the time period of April 2, 2020 through December 31, 2020. The FFCRA is remedial legislation that *expanded* the protections under 29 U.S.C. § 2617 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, ("FMLA") and requires covered employers to provide employees with paid sick leave, expanded family and medical leave, and job protection for specified reasons related to qualifying reasons related to COVID-19.

3. This action is brought to remedy the violations of the Emergency Paid Sick Leave Act ("EPSLA"), which is Division E of the FFCRA, because Defendant violated 29 C.F.R. § 826.150(a). As such, a private cause of action exists to enforce his rights against all Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), 29 U.S.C. § 216-217, 29 U.S.C. § 203(d) (individual liability), and 29 C.F.R. § 826.150(b)(2).

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of EPSLA and, as a result, is enforced by the FLSA pursuant to 29 C.F.R. § 826.150(b)(2), 29 U.S.C. § 216-216, and 29 U.S.C. § 203(d).

5. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, Western Division.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff Jim Burgy

6. At all times relevant, Plaintiff is a natural person, United States citizen, and resident of Lucas County, Ohio living in the Northern District of Ohio, Western Division. Further, Plaintiff was an "employee" as that term is defined by 29 C.F.R. § 826.30(a) and the FLSA.

7. Plaintiff was employed by Senator International in the position of "Production Supervisor" for approximately 9 years, beginning in or around 2011 until April 28, 2020.

### B. Defendant Senator International

8. Defendant Senator International d/b/a Allermuir is a domestic for-profit corporation formed under the laws of the State of Ohio and can be served through its statutory agent address of 1656 Henthorne Drive, Suite 300, Maumee, Ohio 43537.

9. Upon information and belief, Senator International has been doing business as "Allermuir" since 2007 and is in the business of manufacturing and assembling contemporary furniture for offices, homes, and public spaces. Its primary location is listed as 4111 N. Jerome Road, Maumee, Ohio 43537.

10. Senator International is an "employer" as that term is defined by 29 C.F.R. § 826.40(a) under EPSLA because during the relevant time period, it employed fewer than five hundred (500) employees, including full-time and part-time, within the United States. Further, it was at all times relevant an "employer" under the FLSA because it employed Plaintiff.

11. During all times relevant Senator International individually and/or jointly with Defendants Stec and Lange operated and controlled an enterprise and employed employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and each Defendant, individually and/or jointly, has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

**C. Defendant Jay Stec**

12. Defendant Stec was at all times relevant employed by Senator International as the Plant Manager at the Maumee, Ohio worksite.

13. Stec was a managerial employee and Plaintiff's supervisor with the authority to (and did) hire, fire, and/or discipline employees, including Plaintiff.

14. At all times relevant, Stec was a "person" as that term is defined by the FLSA because he was an individual acting directly or indirectly in the interest of Senator International.

15. At all times relevant, as a managerial employee, he was responsible for controlling significant aspects of Plaintiff's employment, including important human resources decisions governing material terms and conditions of Plaintiff's employment.

16. For example, Stec either made the decision or was involved in the decision to terminate Plaintiff's employment. In the alternative, he was one of the decision-makers in that he authored Plaintiff's termination letter, dated April 28, 2020.

**D. Defendant Jenelle Lange**

17. Defendant Lange was at all times relevant employed by Senator International as the Human Resources Manager at the Maumee, Ohio worksite.

18. At all times relevant, as a managerial employee, she was responsible for controlling significant aspects of Plaintiff's employment, including important human resources decisions governing material terms and conditions of Plaintiff's employment.

19. For example, as an HR Manager, Lange was a managerial employee with the authority to (and did) hire, fire, and/or discipline employees, including Plaintiff.

20. At all times relevant, Lange was a "person" as that term is defined by the FLSA because she was an individual acting directly or indirectly in the interest of Senator International.

21. At all times relevant, Lange either made the decision to terminate Plaintiff's employment or she was one of the decision-makers.

**Factual Allegations Regarding Plaintiff's Wrongful Termination**

22. As outlined above, Plaintiff was by all means an exemplary employee of Senator International.

23. On or about March 23, 2020, Plaintiff attended a meeting with various managerial employees, including Defendant Stec and six (6) other production supervisors, about the steps to send teams home during the COVID-19 pandemic, including their rights for paid sick leave.

24. On April 2, 2020, Plaintiff was informed that production supervisors, including him, were not eligible for paid sick leave, which did not seem correct to Plaintiff.

25. In addition, upon information and belief, an email was sent to hourly, non-exempt employees, including Plaintiff's direct reports on his upholstery team, instructing the employees that only employees with school-age children were covered by paid sick leave.

26. On April 3, 2020, Plaintiff attended a meeting with supervisors, plant managers, and the HR Manager (Lange). During the meeting, he presented the Department of Labor Fact Sheet with respect to paid sick leave under the FFCRA because there was some misinformation sent to Plaintiff and his direct reports regarding the eligibility requirements.

27. During the meeting, Plaintiff verbally expressed his opposition to Senator International misinforming the eligibility requirements for paid sick leave and that by misinforming the employees it was an effort to discourage individuals from taking paid sick leave, including himself.

28. In fact, Plaintiff expressed that the DOL fact sheet outlined that individuals, including those who were not parents of school-age children, were covered.

29. In addition, Plaintiff proposed preparing a detailed statement or report to be provided to everyone upon their anticipated return on April 6, 2020 so that all individuals were properly informed of their rights.

30. In response, Stec voiced his frustration with Plaintiff's protected activity.

31. On April 6, 2020, when members of Plaintiff's team returned to work, he correctly informed them of their rights to be eligible for paid sick leave under the FFCRA.

32. On April 20, 2020, three of his team members inquired about taking some of the remaining 80-hour paid sick leave. Plaintiff provided them his understanding based on the DOL fact sheet and his meeting with managerial employees, including Stec.

33. Immediately following that discussion, Plaintiff emailed Stec to inform him that the information provided by Defendant was incorrect and that Plaintiff provided his team members with DOL fact sheets containing the correct information outlining their rights under the FFCRA with respect to paid medical leave.

34. On April 21, 2020, three of his team members exercised their rights under the FFCRA and utilized paid sick leave.

35. On the same day, at around 9:00 am, Stec called Plaintiff into his office. Upon his arrival, Stec immediately accosted Plaintiff about paid sick leave, expressed his anger towards Plaintiff, questioned why he had informed his direct reports about their rights under the FFCRA, labeled him as "the Malcolm X of the Coronavirus," and also stated three times in succession, "someone has to pay for this." Plaintiff reasonably interpreted "someone" to mean him due to his previous opposition to misinforming the employees of their rights under the FFCRA because it had the intent to discourage the use of paid sick leave by himself and other employees.

36. Mid-morning the same day, Plaintiff verbally reported and/or discussed the foregoing with Lange. Upon information and belief, Lange then met and/or discussed Plaintiff's protected activity with Stec.

37. Shortly after Plaintiff's protected activity with Lange, Stec came to Plaintiff's desk and gave him an ultimatum. Specifically, around the end of Plaintiff's shift for the day, Stec gave Plaintiff a sheet indicating he was being forced to be placed on paid sick leave even though he did not experience any COVID-19 symptoms or desire to use paid sick leave.

38. Plaintiff reasonably believed he was being punished for his protected activity because he did not experience any COVID-19 symptoms and wanted to save his paid sick leave in case he needed it at a later date.

39. At the same time, Stec told Plaintiff to go out on leave or "take unemployment."

40. Plaintiff reasonably believed Stec referenced taking unemployment because of Plaintiff's protected activity as outlined above.

41. Shortly thereafter, Stec and Lange jointly made the decision to terminate Plaintiff.

42. Specifically, Plaintiff received a termination letter, dated April 28, 2020 and authored by Stec. The termination letter indicated he was being laid off due to "business needs."

43. However, Defendant's proffered reason for Plaintiff's termination was merely pre-textual.

44. Plaintiff's termination was in retaliation for engaging in protected activity as outlined above, including, but not limited to (1) filing an internal complaint in good faith, verbal or otherwise, that the actions taken by Senator International were discouraging himself and other employees from using paid sick leave under the FFCRA/EPSLA; (2) opposing being forced out on leave to exhaust his paid sick leave even though Plaintiff did not experience COVID-19-like symptoms and expressing that he wanted to save it for future use; and/or (3) treating similarly situated individuals, who did not engage in protected activity as outlined above, more favorably than Plaintiff in the terms and conditions of employment.

45. Upon information and belief, the position of Production Supervisor still exists at Defendant's worksite.

46. In fact, at the time of Plaintiff's termination, other supervisors with less experience than Plaintiff and who did not engage in protected activity (as outlined above) remained employed and/or were not terminated as of the date of the decision to terminate Plaintiff.

47. As a result, at the time Defendants made the decision to terminate Plaintiff, continuing Plaintiff's employment did not cause Defendant Senator International any undue hardship.

48. Further, at the time Defendants made the decision to terminate Plaintiff, they each, individually and/or jointly, did not have a good faith basis to terminate his employment.

49. As a result of Defendants' joint conduct, Plaintiff has suffered a variety of damages, including, but not limited to, back pay and benefits, compensatory damages, front pay and benefits, liquidated damages, non-pecuniary loss such as embarrassment, frustration, and humiliation, and attorneys' fees, costs, and expenses, all of which Defendants are liable, jointly, severally, and/or individually.

## IV. CAUSES OF ACTION

### COUNT I
### (FLSA RETALIATION - 29 U.S.C. § 215(a)(3), *et seq.*)

50. All the preceding paragraphs are realleged as if fully rewritten herein.

51. An employer is prohibited from discharging, disciplining, or discriminating against any employee because that employee filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding. *See* 29 C.F.R. § 826.150(a).

52. A private cause of action exists to enforce the protections set forth by EPSLA through sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. *See* 29 C.F.R. § 826.150(b)(2).

53. Plaintiff was an eligible employee as that term is defined by federal regulations governing EPSLA in that he was employed for at least thirty (30) calendar days. *See* 29 C.F.R. § 826.30.

54. Plaintiff was also an employee protected by EPSLA's anti-retaliation provision. *See* 29 C.F.R. §§ 826.30 and 826.150.

55. Each Defendant, individually and/or jointly, is an employer and/or person subject to complying with the FFCRA, EPSLA, the FLSA, and federal regulations.

56. As alleged above, by (1) forcing Plaintiff to unnecessarily use paid medical leave; (2) terminating his employment; and/or (3) treating him less favorably than similarly situated employees who have not engaged in protected activity in the terms and conditions of employment, Defendants violated 29 C.F.R. § 826.150.

57. Each Defendant was aware of Plaintiff's protected activity.

58. By engaging in the foregoing conduct, each Defendant has retaliated against Plaintiff's attempt to or exercise of his EPSLA rights, in violation of 29 C.F.R. § 826.150(a).

59. As such, each Defendant violated 29 U.S.C. § 215(a)(3). *See* 29 C.F.R. § 826.150(b)(2).

60. As a result of Defendants' violations, Plaintiff has suffered back pay and benefits, compensatory damages, front pay and benefits, liquidated damages, attorneys' fees, costs, and expense for which Defendants are liable, individually, jointly, and/or severally.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment against each Defendant, as follows:

(a) Ordering Defendants to pay back pay and benefits;

(b) Ordering Defendants to pay front pay and benefits;

(c) An Order for declaratory judgment that Defendants' actions as complained of herein violate EPSLA/the FLSA;

(d) An Order for injunctive relief prohibiting Defendants from its continued implementation of its unlawful policy against Plaintiff and all other employees;

(e) Awarding Plaintiff costs and reasonable attorneys' fees associated with this action;

(f) Ordering Defendants to pay Plaintiff his compensatory damages;

(g) Ordering Defendants to pay liquidated damages;

(h) Ordering Defendants to pay punitive damages;

(i) Ordering Defendants to pay pre-judgment interest and post-judgment interest; and

(j) Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

&

*/s/ Laren E. Knoll*
Laren E. Knoll (0070594)
**The Knoll Law Firm, LLC**
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Telephone: (614) 372-8890
Facsimile: (614) 452-4850

Email: lknoll@knolllaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)

*Attorney for Plaintiff*